Daniel C. Girard (State Bar No. 114826)
Eric H. Gibbs (State Bar No. 178658)
Adam E. Polk (State Bar No. 273000)
Steve A. Lopez (State Bar No. 300540)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com
ehg@girardgibbs.com
aep@girardgibbs.com
sal@girardgibbs.com

*[Additional counsel listed on signature page]*

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN DOSS, DEBORAH SAMPSON, DOUGLAS SAMPSON, SUSAN MCNUTT, DEREK BANKA, TABITHA MCHUGH, and GENEVA WARE, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| vs. | **DEMAND FOR JURY TRIAL** |
| LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS HOLDINGS, INC., LUMBER LIQUIDATORS LEASING, LLC, and LUMBER LIQUIDATORS SERVICES, LLC, | |
| Defendants. | |

## PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Lin Doss, Deborah Sampson, Douglas Sampson, Susan McNutt, Derek Banka, Tabitha McHugh, and Geneva Ware (together, "Plaintiffs"), bring this action against Defendants Lumber Liquidators, Inc., Lumber Liquidators Holdings, Inc., Lumber Liquidators Leasing, LLC and Lumber Liquidators Services, LLC ("Defendants" or "Lumber Liquidators"), individually and on behalf of all others similarly situated, and allege as follows:

## INTRODUCTION

1.      This is a class action lawsuit brought by Plaintiffs on behalf of themselves and a class of consumers who purchased composite laminate flooring products that Lumber Liquidators advertised to be compliant with the California Air Resources Board ("CARB") formaldehyde emissions standards. Despite Lumber Liquidators' advertisements and warranties, their Chinese-produced laminate flooring does not comply with CARB's formaldehyde standards and contains toxic levels of formaldehyde.

2.      Laminate flooring is a multi-layer synthetic flooring product that is fused together during the lamination process.  Laminate flooring mimics real wood flooring with a photographic layer found under a clear protective top layer.  Laminate flooring is a cheaper alternative to hardwood flooring and is easy to install and maintain.

3.      Formaldehyde is a colorless, flammable, strong-smelling chemical that is generally used as an adhesive in flooring products.  The International Agency for Research on Cancer has classified formaldehyde as a known human carcinogen, and the United States Environmental Protection Agency has classified it as a probable human carcinogen. At low levels, it dissipates shortly after installation and poses no serious health risks. At levels that exceed 0.1 parts per million ("ppm") however, formaldehyde exposure can cause: burning sensations in the eyes, nose, and throat; coughing; wheezing; nausea; and skin irritation. Extended formaldehyde exposure is linked to increased risk of certain types of cancers, such as nasal cancer and leukemia.

4.      Lumber Liquidators – one of the largest flooring retailers in the United States –supervises and controls the manufacturing of its laminate flooring in several mills that are located in China. Lumber Liquidators then takes the finished flooring and packages, distributes, advertises, sells, and installs the laminate to consumers in California, Florida, New Jersey, and throughout the United States.

1

5.      During 2014, three certified laboratories tested the formaldehyde levels of Lumber Liquidators' laminate flooring, along with laminate from Home Depot and Lowe's.  While flooring sold at Home Depot and Lowe's passed the testing without issue, most samples of Chinese-made laminate flooring from Lumber Liquidators failed to meet CARB's formaldehyde emissions standards.

6.      The average level of formaldehyde emissions in Lumber Liquidators' Chinese-made laminate flooring was six to seven times in excess of CARB's standards, and some samples were close to twenty times in excess of the standards.

7.      Despite its control in the manufacturing of the laminate, and its knowledge of the formaldehyde levels, Lumber Liquidators failed to warn consumers.  In fact, Lumber Liquidators represents on its website, warranties, and product labels that its laminate flooring complies with CARB's standards, as well as the more stringent European formaldehyde standards.

8.      Plaintiffs bring this action to redress Lumber Liquidators' violations of the consumer protection laws of California, Florida, and New Jersey, and also seek recovery for breach of implied warranties, breach of the duty of good faith and fair dealing, common law fraud, and negligence.

## JURISDICTION

9.      This Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) because at least one plaintiff and one defendant are citizens of different States.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.      This Court has personal jurisdiction over Defendants because they have conducted substantial business in this judicial district, and intentionally and purposefully placed the laminate flooring into the stream of commerce within this district and throughout the United States.

## VENUE

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants transact business in this district, are subject to personal jurisdiction in this district, and therefore are deemed to be citizens of this district.  Additionally, Defendants have advertised in this district and have received substantial revenue and profits from their sales of laminate flooring in this district; therefore, a

CLASS ACTION COMPLAINT

substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

## INTRADISTRICT ASSIGNMENT

12. Assignment is proper to the San Francisco division of this District under Local Rule 3-2(c) and (d), as a substantial part of the events or omissions which give rise to the claim occurred in Contra Costa County.

## PARTIES

1. Plaintiff Lin Doss is a citizen and resident of Antioch, California.

2. Plaintiffs Deborah and Douglas Sampson are citizens and residents of Escondido, California.

3. Plaintiff Susan McNutt is a citizen and resident of Lake Placid, Florida.

4. Plaintiff Derek Banka is a citizen and resident of Port Charlotte, Florida.

5. Plaintiff Tabitha McHugh is a citizen and resident of Lehigh Acres, Florida.

6. Plaintiff Geneva Ware is a citizen and resident of Newark, New Jersey.

7. Defendant Lumber Liquidators, Inc. is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia, 23168.

8. Defendant Lumber Liquidators Holdings, Inc. is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia, 23168.

9. Defendant Lumber Liquidators Leasing, LLC is a Delaware limited liability company with its principal place of business at 3000 John Deere Road, Toano, Virginia, 23168.

10. Defendant Lumber Liquidators Services, LLC is a Delaware limited liability company with its principal place of business at 3000 John Deere Road, Toano, Virginia, 23168.

11. Lumber Liquidators Holdings, Inc. and its subsidiaries operate as a single business segment, with its call center, website and customer service network supporting its retail store operations. Lumber Liquidators conducts substantial business in the state of California. There are 354 Lumber Liquidators stores in the United States and 38 in California alone, representing Lumber Liquidators' largest United States presence. California is an integral piece of Lumber Liquidators' supply chain as its 500,000 square foot primary distribution center for the west coast is located in California.

CLASS ACTION COMPLAINT

## TOLLING OF STATUTES OF LIMITATIONS

12.     Any applicable statute(s) of limitations have been tolled by Lumber Liquidators' knowing and active concealment and denial of the facts alleged herein.  Plaintiffs and the members of the Class could not have reasonably discovered the true nature of the laminate flooring until shortly before this class action litigation was commenced.

13.     Lumber Liquidators had and remains under a continuing duty to disclose to Plaintiffs and the members of the Class the true character, quality and nature of its laminate flooring.  As a result of this active concealment, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FACTUAL ALLEGATIONS

### Lumber Liquidators Laminate Flooring

14.     Lumber Liquidators supervises, manufactures, and packages laminate flooring products in China, which it then markets, distributes, and sells in California, Florida, New Jersey, and throughout the United States.   Lumber Liquidators' Chinese-produced laminate flooring contains and emits formaldehyde at levels that exceed CARB emissions standards for laminate flooring.

15.     Upon information and belief, each of the laminate products was manufactured using a common or standard design, formula, or process, which Lumber Liquidators controlled.

16.     Lumber Liquidators knew that its Chinese-produced laminate emits formaldehyde at levels that exceed – and sometimes grossly exceed – the CARB regulations.

17.     Despite this, Lumber Liquidators misrepresents that its laminate meets CARB standards on its website, product labels, and warranties.  The following representations are available on Lumber Liquidators' website at http://www.lumberliquidators.com/ll/flooring/ca-air-resources-board-regulations:

**Is Lumber Liquidators Compliant with the California law?**

**Laminate and engineered flooring products sold by Lumber Liquidators are purchased from mills whose production method has been certified by a Third Party Certifier approved by the State of California to meet the CARB standards. The**

scope of the certification by the Third Party Certifier includes the confirmation that the manufacturer has implemented the quality systems, process controls, and testing procedures outlined by CARB and that their products conform to the specified regulation limits. The Third Party Certifier also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified.

### Does CARB only apply to California?

Though it currently applies only to products sold in California, Lumber Liquidators made a decision to require all of our vendors to comply with the California Air Resources Board regulations regardless of whether we intended to sell the products in California or any other state/country.

### What extra steps does Lumber Liquidators take to ensure compliance?

In addition to the California Air Resources Board requirements, Lumber Liquidators regularly selects one or more finished products from each of its suppliers and submits them for independent third-party lab testing. This is done as a monitoring activity to validate ongoing quality control.

18.    In response to the independent testing described above, Lumber Liquidators created a special web page, which is available at http://www.lumberliquidators.com/sustainability/health-and-safety.  It includes the following representations:

Recently some questions have been raised about our laminate products. Let me make one thing very clear – our laminate products, all of our products, are 100% safe.

### Does Lumber Liquidators comply with CARB regulations?

Yes. To comply with the CARB standards, applicable laminate and engineered flooring and accessories sold by Lumber Liquidators are purchased from manufacturers whose

CLASS ACTION COMPLAINT

production methods have been certified by a Third Party Certifier approved by the State of California to meet the CARB standards; or from suppliers who source composite wood raw materials only from certified manufacturers. The scope of the certification by the Third Party Certifier includes the confirmation that the manufacturer has implemented the quality systems, process controls, and testing procedures outlined by CARB and that their composite wood products conform to the specified emission limits. The Third Party Certifier also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified.

**What else is Lumber Liquidators doing to ensure health & safety**?

Though CARB applies only to products sold in California, Lumber Liquidators requires all suppliers delivering products containing composite wood components to comply with CARB requirements regardless of whether we intend to sell the products in California or any other state or country. Although the U.S. Environmental Protection Agency has drafted national standards for composite wood products that are similar to the CARB standard, those standards have not yet been enacted. Until that time, Lumber Liquidators believes that applying the rigorous California standard throughout North America is the right thing to do.

19. Upon information and belief, all of Lumber Liquidators' laminate flooring packaging states that it is compliant with CARB's formaldehyde regulations.

20. Each laminate product also comes with a purchase order warranty that expressly warrants that the laminate is "in compliance with all applicable laws, codes and regulations."

21. Lumber Liquidators' statements are materially misleading as its Chinese-produced laminate flooring products are not compliant with CARB's emissions standards and contain toxic levels of formaldehyde.

22. Lumber Liquidators has failed to inform consumers that its Chinese-produced laminate is not compliant with CARB's emissions standards and contains toxic levels of formaldehyde.

6

CLASS ACTION COMPLAINT

23.     Despite its misrepresentations and omissions, Lumber Liquidators continues to sell Chinese-produced laminate flooring to customers in California, Florida, New Jersey, and across the United States.

### Lumber Liquidators' Knowledge of the Formaldehyde Levels in its Flooring

24.     In contrast to its representations to consumers, Lumber Liquidators' SEC filings acknowledge that it does not control its suppliers' compliance with the law: "While our suppliers agree to operate in compliance with applicable laws and regulations . . . we do not control our suppliers. Accordingly, we cannot guarantee that they comply with such laws and regulations . . . [which] could . . . . expose us to legal risks as a result of our purchase of product from non-compliant suppliers."

25.     Lumber Liquidators claims compliance with CARB standards, but at the same time acknowledges that it cannot assure its suppliers' compliance with such regulations.  Ultimately, Lumber Liquidators fails to exercise adequate quality assurance during the manufacturing process.  Despite this, it continues to sell Chinese-produced laminate while misrepresenting and omitting these material facts to consumers.

26.     On November 26, 2013, a federal securities case was filed against Lumber Liquidators based on the company's decline in stock price.[1]  Lumber Liquidators' stock fell after an article was published presenting certified laboratory test results showing that certain Lumber Liquidators laminate products emitted formaldehyde gas in gross excess of CARB's standards.  The case is still pending. Through this case, Lumber Liquidators acknowledged that some of its flooring emits formaldehyde gas in excess of the CARB emission standards.

27.     As a result of Lumber Liquidators' conduct, Plaintiffs and the Class have been placed in an untenable position: either pay to remove their laminate and have new flooring installed, or leave it installed in their homes or other structures and subject themselves to an increased risk of adverse health consequences, including cancer.

### Complaints by Other Class Members

28.     Lumber Liquidators' knowledge of the laminate's noncompliance with CARB standards also comes from consumer complaints.  Many consumers have complained about the formaldehyde

---

[1] *Kiken v. Lumber Liquidators Holdings, Inc., et al.*, No. 4:13-cv-00157 (E.D. Va.).

CLASS ACTION COMPLAINT

content of the Lumber Liquidators' flooring online.   Websites such as www.consumeraffairs.com contain a many reviews of Lumber Liquidators' flooring and its non-disclosed formaldehyde levels.[2] This conduct has also recently been the subject of a story that aired on 60 Minutes.

## PLAINTIFFS' PURCHASES

29.     Plaintiff Lin Doss purchased Lumber Liquidators' St. James African Mahogany flooring from a Lumber Liquidators store in Concord, California in 2010.

30.     Plaintiffs Deborah and Douglas Sampson purchased Lumber Liquidators' Dream Home Nirvana Royal Mahogany flooring from a Lumber Liquidators store in San Diego, California in 2007.

31.     Plaintiff Susan McNutt purchased Lumber Liquidators' St James Brazilian Koa flooring from a Lumber Liquidators store in Fort Myers, Florida in 2012 and 2013.

32.     Plaintiff Derek Banka purchased Lumber Liquidators' Ispiri Americas Mission Olive flooring from a Lumber Liquidators store in Fort Myers, Florida in 2012.

33.     Plaintiff Tabitha McHugh purchased Lumber Liquidators' Kensington Manor Natural Acacia flooring from a Lumber Liquidators Store in Fort Myers, Florida in or about February or March 2014.

34.     Plaintiff Geneva Ware purchased Lumber Liquidators' Blacksburg Barn Board flooring from a Lumber Liquidators store in Union, New Jersey in 2013.

35.     Before purchasing their Lumber Liquidators laminate flooring, Plaintiffs reviewed the product labels of their laminate flooring.   These labels warranted that the laminate flooring they purchased was CARB compliant and did not disclose that the laminate flooring contained a toxic level of formaldehyde.   They chose to purchase Lumber Liquidators laminate flooring instead of competing products based in part on these representations.   Thus, Plaintiffs reasonably believed at the point of sale that the laminate flooring they purchased did not contain toxic levels of formaldehyde or levels exceeding the CARB limits.

---

[2] *See* http://www.consumeraffairs.com/homeowners/lumber_liquidators.html (last visited Mar. 6, 2015).

CLASS ACTION COMPLAINT

36. Had Plaintiffs known that the laminate flooring they purchased contained levels of formaldehyde exceeding the CARB limits or toxic levels of formaldehyde, they would not have purchased such laminate flooring.

## CLASS ALLEGATIONS

37. Plaintiffs bring this action on their own behalf, and on behalf of the following class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3):

**Nationwide Class:**

All persons who purchased laminate flooring manufactured in China from a Lumber Liquidators store in the United States, or who own homes in the United States in which such flooring is or was installed.

In the alternative, Plaintiffs bring this action on behalf of the following state classes pursuant to Fed. R. Civ. P. 23(b)(2) and/or 23(b)(3):

**California Class:**

All citizens of California who purchased laminate flooring manufactured in China from a Lumber Liquidators store in California, or who own homes in California in which such flooring is or was installed.

**Florida Class:**

All citizens of Florida who purchased laminate flooring manufactured in China from a Lumber Liquidators store in Florida, or who own homes in Florida in which such flooring is or was installed.

CLASS ACTION COMPLAINT

**New Jersey Class:**

All citizens of New Jersey who purchased laminate flooring manufactured in China from a Lumber Liquidators store in New Jersey, or who own homes in New Jersey in which such flooring is or was installed.

38.    Excluded from the Classes are Lumber Liquidators; any parents, affiliates, or subsidiaries of Lumber Liquidators; any of the Lumber Liquidators' employees, officers, and directors; any entity in which Lumber Liquidators has a controlling interest; any successor or assign of Lumber Liquidators; anyone employed by counsel for Plaintiffs; any Judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them.  Plaintiffs reserve the right to modify, change, or expand the definitions of the Classes based on discovery and further investigation.

39.    <u>Numerosity</u>:  Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual members of the Class are unknown to Plaintiffs at this time and can only be ascertained through the discovery process, Plaintiffs believe, and on that basis allege, that there are thousands of Class members throughout the United States.  Lumber Liquidators has sufficient records to readily identify the proposed Class members.  It would be impracticable to join the Class members individually.

40.    <u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class.  These questions predominate over the questions affecting individual Class members.  These common legal and factual questions include, but are not limited to:

     a.  Whether Lumber Liquidators exercised reasonable care in the monitoring of their manufacturing plants located in China;

     b.  Whether Lumber Liquidators knew of its products' noncompliance with CARB standards and failed to notify consumers of such a fact;

     c.  Whether a reasonable consumer would consider the noncompliance or its consequences to be material;

d.  Whether Lumber Liquidators should be required to disclose its laminate's noncompliance with CARB's emissions standards; and

e.  Whether Lumber Liquidators violated California's Consumers Legal Remedies Act, California's Unfair Competition Law, California's False Advertising Law, Florida's Unfair and Deceptive Trade Practices Act, or New Jersey's Consumer Fraud Act.

41.  <u>Typicality</u>:  The Plaintiffs' claims are typical of the claims of the Class because Plaintiffs purchased or otherwise have Lumber Liquidators laminate flooring manufactured in China installed in their home, as did each member of the Class.  Furthermore, Plaintiffs and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Lumber Liquidators' wrongful conduct.  Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class members.

42.  <u>Adequacy</u>:  Plaintiffs are adequate representatives because their interests do not conflict with the interests of the Class that they seek to represent.  Plaintiffs have retained counsel competent and highly experienced in complex class action litigation, and they intend to prosecute this action vigorously.

43.  <u>Superiority</u>:  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and members of the Class.  The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Lumber Liquidators' conduct.  It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them.  This litigation involves technical issues, including chemical testing for formaldehyde, which will require expert testimony and targeted discovery of sophisticated defendants.  In addition, individual litigation would be impracticable and unduly burdensome to the court system. Individualized litigation presents a potential for inconsistent or contradictory judgment and increases the delay and expense to all parties.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Upon information and belief, members of the Class can be readily identified and notified based on Lumber Liquidators' warranty claims, registration records, and database of complaints.

44.    Lumber Liquidators has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**

**(Cal. Civ. Code § 1750, *et seq.*)**

45.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

46.    Defendants are "persons" as that term is defined in Cal. Civ. Code § 1761(c).

47.    Plaintiffs and the Class are "consumers" as that term is defined in Cal. Civ. Code § 1761(d).

48.    Lumber Liquidators knew that its laminate flooring manufactured in China did not comply with CARB formaldehyde standards and were not suitable for their intended use.

49.    Lumber Liquidators engaged in unfair and deceptive acts in violation of the Consumers Legal Remedies Act.  It knowingly and intentionally concealed that the affected laminate flooring products do not comply with CARB's formaldehyde regulations (as well as the resulting costs, health risks, and diminished value of the laminate).  Specifically, Lumber Liquidators:

    a.    Misrepresented the source, sponsorship, approval or certification of the affected laminate, in violation of § 1770(a)(2);

    b.    Represented that the affected laminate had sponsorships, characteristics, uses, benefits or quantities which it do not have, in violation of § 1770(a)(5);

    c.    Represented that the affected laminate was of a particular standard, quality, or grade, when it was of another, in violation of § 1770(a)(7); and

    d.    Advertised its laminate with the intent not to sell it as advertised, in violation of § 1770(a)(9).

50.    These unfair or deceptive acts or practices occurred repeatedly in the course of Lumber Liquidators' business and had the capacity to deceive a substantial portion of the purchasing public. This imposed a serious safety risk on the public.

51.    Lumber Liquidators had a duty to Plaintiffs and the Class members to disclose the true nature of the laminate flooring because:

a.    It was in a superior position to know about the laminate's noncompliance and the associated health risks of exposure;

b.    Plaintiffs and the Class members could not reasonably learn or discover that the laminate was noncompliant with CARB's standards; and

c.    Lumber Liquidators actively concealed the noncompliance and the associated health risks by asserting that its laminate was compliant with CARB's standards, despite its knowledge to the contrary.

52.    In failing to disclose the laminate's noncompliance with CARB standards and the associated health risks, Lumber Liquidators knowingly and intentionally concealed material facts and breached its duty not to do so.

53.    The facts concealed or not disclosed by Lumber Liquidators to Plaintiffs and the Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the laminate at issue or pay a lesser price.  Had Plaintiffs and the Class known about the true nature of the laminate, they would not have purchased it or would have paid less. Lumber Liquidators was also obligated to disclose the laminate's noncompliance with CARB standards because it presents a safety issue.

54.    As a direct and proximate result of Lumber Liquidators' conduct, Plaintiffs and Class members have suffered injury in fact and lost money or property, because they purchased and paid to install laminate flooring that they otherwise would not have, and because such laminate flooring is valueless and hazardous to Plaintiffs and Class members' health.  Meanwhile, Lumber Liquidators has generated more revenue than it otherwise would have and charged inflated prices for valueless products, unjustly enriching itself.

55.    Therefore, Plaintiffs and the other Class members are entitled to equitable relief under the Consumers Legal Remedies Act.

56.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiffs will send a notice letter to provide Lumber Liquidators with the opportunity to correct their business practices.  If Lumber

Liquidators does not thereafter correct their business practices, Plaintiffs will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

### SECOND CAUSE OF ACTION

### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW

### (Cal. Bus. & Prof. Code § 17200)

57. Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

58. The California Unfair Competition Law prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

59. Lumber Liquidators' acts and practices are unlawful business practices because they violate the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, and the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.*

60. Lumber Liquidators' business acts and practices were also fraudulent. It falsely represented that its laminate contained CARB compliant levels of formaldehyde. It also failed to disclose that its laminate flooring was mislabeled and contained toxic levels of formaldehyde. Lumber Liquidators was obligated to disclose these facts because they present a significant public health hazard. A reasonable consumer would not have purchased the affected laminate flooring products had the company adequately disclosed these facts.

61. Lumber Liquidators' acts and practices also constitute unfair business practices in that:

    a. The legitimate utility of Lumber Liquidators' conduct is outweighed by the harm to Plaintiffs and other members of the Class;

    b. Lumber Liquidators' conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and other members of the Class; and

    c. Lumber Liquidators' conduct violates the policies underlying the Consumers Legal Remedies Act—to protect consumers from unfair or deceptive business practices

62.     As a direct and proximate result of Lumber Liquidators' unlawful, unfair, and fraudulent business practices as alleged above, Plaintiffs and Class members have suffered injury in fact and lost money or property, because they purchased and paid to install laminate flooring that they otherwise would not have, and because such laminate flooring is valueless and hazardous to Plaintiffs and Class members' health.  Meanwhile, Lumber Liquidators has generated more revenue than it otherwise would have and charged inflated prices for valueless products, unjustly enriching itself.

63.     Plaintiffs seek to enjoin further unlawful, unfair and/or fraudulent acts or practices by Lumber Liquidators, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under Cal. Bus. & Prof. Code § 17200.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

### (Cal. Bus. & Prof. Code § 17500, *et seq.*)

64.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

65.     Lumber Liquidators made and disseminated statements that were untrue or misleading, and which they knew, or which through the exercise of reasonable care should have been known, to be untrue and misleading.

66.     Specifically, Lumber Liquidators advertised that the affected flooring complied with CARB formaldehyde standards.  In fact, the laminate at issue contains formaldehyde levels well over the CARB standards, posing a health risk to Plaintiffs and Class members.

67.     Lumber Liquidators' false advertising, misrepresentations, and material omissions were and are likely to deceive a reasonable consumer.

68.     As a direct and proximate result of Lumber Liquidators' unlawful, unfair, and fraudulent business practices as alleged above, Plaintiffs and the other Class members have suffered an injury in fact, including the loss of money or property. Plaintiffs and the other Class members relied on Lumber Liquidators' misrepresentations and omissions with respect to the safety of the laminate and compliance with the CARB standards. Had Plaintiffs and the other Class members known that Lumber Liquidators' laminate did not meet the CARB standards and presented health risks, they would not have purchased

the laminate or would not have paid as much for it.  Accordingly, Plaintiffs and the other Class members overpaid for their laminate flooring and did not receive the benefit of their bargain.  Meanwhile, Lumber Liquidators has generated more revenue than it otherwise would have and charged inflated prices for valueless products, unjustly enriching itself.

69.     Plaintiffs, individually and on behalf of the other Class members, request that this Court enter such orders or judgments as may be necessary to enjoin Lumber Liquidators from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs and the other Class members any money that Lumber Liquidators acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### (Fla. Stat. § 501.201, *et seq.*)

70.     Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

71.     Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).

72.     In the course of Lumber Liquidators' business, it willfully failed to disclose and actively concealed the dangerous risk of the laminate's noncompliance with CARB's formaldehyde emissions standards.  Accordingly, it engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices as defined in Fla. Stat. § 501.204(1), including representing that the laminate has characteristics, uses, benefits, and qualities which it does not have; advertising the laminate with the intent not to sell it as advertised; and otherwise engaging in conduct likely to deceive.

73.     Lumber Liquidators' actions set forth above occurred in the conduct of trade or commerce.

74.     Lumber Liquidators' conduct proximately caused injuries to Plaintiffs and other Class members.

75. Lumber Liquidators, through its conduct, statements, and omissions described above, knowingly and intentionally concealed that its Chinese-produced laminate flooring does not comply with CARB's standards (as well as the resulting costs, safety risks, and diminished value of the laminate). Lumber Liquidators should have disclosed this information because it was in a superior position to know about the laminate's noncompliance and safety risks, which Plaintiffs and Class members could not reasonably learn or discover.

76. The laminate's noncompliance constitutes a safety issue that triggered Lumber Liquidators' duty to disclose the safety issue to consumers.

77. These acts and practices have deceived Plaintiffs and are likely to deceive the public. By failing to disclose the true nature of the laminate and suppressing other material facts from Plaintiffs and the Class members, Lumber Liquidators breached its duty to disclose these facts, violated the FDUTPA, and caused injuries to Plaintiffs and the Class members. The omissions and acts of concealment by Lumber Liquidators pertained to information that was material to Plaintiffs and Class members, as it would have been to all reasonable consumers.

78. The injuries suffered by Plaintiffs and the Class members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiffs and the Class members should have reasonably avoided.

79. As a direct and proximate result of Lumber Liquidators' unlawful, unfair, and fraudulent business practices as alleged above, Plaintiffs and the other Class members have suffered an injury in fact, including the loss of money or property. Plaintiffs and the other Class members relied on Lumber Liquidators' misrepresentations and omissions with respect to the safety of the laminate and compliance with the CARB standards. Had Plaintiffs and the other Class members known that Lumber Liquidators' laminate did not meet the CARB standards and presented health risks, they would not have purchased the laminate or would not have paid as much for it. Accordingly, Plaintiffs and the other Class members overpaid for their laminate flooring and did not receive the benefit of their bargain. Meanwhile, Lumber Liquidators has generated more revenue than it otherwise would have and charged inflated prices for valueless products, unjustly enriching itself.

# FIFTH CAUSE OF ACTION

## VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT

### (N.J. Stat. Ann. § 56:8-1, *et seq.*)

80.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

81.    Plaintiffs and Class members are consumers who purchased Chinese-produced laminate from Lumber Liquidators.

82.    In the course of Lumber Liquidators' business, it intentionally and knowingly concealed, suppressed, and omitted the dangerous risk of the laminate's noncompliance with CARB's formaldehyde emissions standards.   This fact is material to a reasonable consumer in that it poses an unreasonable risk to their safety.   It is also material in that a reasonable consumer would have considered it to be important in deciding whether to purchase the laminate or pay a lesser price.   Had Plaintiffs and the Class known about the true nature of the laminate, they would not have purchased it or would have paid less.

83.    Lumber Liquidators engaged in unfair and deceptive trade practices, including representing that its laminate flooring has characteristics, uses, benefits, and qualities which it does not have; representing that it is of a particular standard and quality when it is not; advertising the laminate flooring with the intent to not sell it as advertised; and otherwise engaging in conduct likely to deceive.

84.    Lumber Liquidators' acts and practices offend established public policy because the harm it causes to consumers outweighs any benefit associated with such practices, and because Lumber Liquidators fraudulently concealed the true nature of its laminate flooring from consumers.

85.    Lumber Liquidators' actions as set forth above occurred in the conduct of trade or commerce.

86.    Lumber Liquidators' conduct caused Plaintiffs and Class members to suffer an ascertainable loss.   Plaintiffs and the Class members purchased laminate products that the otherwise would not have or would have paid a lesser price for.   As a result, they did not receive their benefit of the bargain and their flooring has suffered a diminution in value.

87.     Plaintiffs and other Class members' damages are the direct and foreseeable result of Lumber Liquidators' conduct.  Had the defect in the laminate products been disclosed, consumers would not have purchased or paid less for the laminate and been spared subsequent expenses.

88.     Pursuant to N.J. Stat. Ann. § 56:8-20, Plaintiffs will serve the New Jersey Attorney General with a copy of this complaint.

**SIXTH CAUSE OF ACTION**

**VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

**(Cal. Civ. Code § 1790, et seq.)**

89.     Plaintiffs, on behalf of themselves and the Class, reallege as if fully set forth, each and every allegation set forth above.

90.     The affected laminate flooring products are "consumer goods" under Cal. Civ. Code § 1791(a).

91.     Plaintiffs and Class members are "buyers" or "retail buyers" under Cal. Civ. Code § 1791(b).

92.     Lumber Liquidators is a "manufacturer," "distributor," and/or "retail seller" under Cal. Civ. Code §§ 1791(e), (j), and (l).

93.     The implied warranty of merchantability included with each sale of the affected laminate flooring means that Lumber Liquidators warranted that such laminate flooring (a) would pass without objection in the trade under the contract description; (b) was fit for the ordinary purposes for which laminate flooring is used; (c) was adequately contained, packaged, and labeled; and (d) conformed to the promises or affirmations of fact made on the container or label.  Cal. Civ. Code § 1791.1(a).

94.     The written express warranty included with each sale of the affected laminate flooring warranted that such laminate flooring contained CARB compliant levels of formaldehyde.  Cal. Civ. Code § 1791.2.

95.     Lumber Liquidators breached the implied warranty of merchantability and thereby violated the Song-Beverly Consumer Warranty Act by selling laminate flooring containing toxic levels of formaldehyde in excess of the CARB limits to its substantial customer base—including Plaintiffs and Class members—endangering their health thereby.

96.     Lumber Liquidators breached an express warranty to Plaintiffs and the Class because the affected laminate flooring contained levels of formaldehyde in excess of the CARB limits.

97.     Plaintiffs and Class members have been damaged by Lumber Liquidators' breach of the implied warranty of merchantability and breach of express warranty and therefore seek damages, other legal and equitable relief, and an award of attorneys' fees, costs, and expenses.  Cal. Civ. Code §§ 1794(a) and (d).

## SEVENTH CAUSE OF ACTION

### COMMON LAW FRAUD

98.     Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

99.     Lumber Liquidators made material omissions concerning a presently existing or past fact. For example, it did not fully and truthfully disclose to its customers its laminate's noncompliance with CARB's formaldehyde standards.  As a result, Plaintiffs and the other Class members were fraudulently induced to purchase the laminate and experience all of the resultant problems.

100.    Lumber Liquidators omitted these facts despite its knowledge of them, and with the intent that Plaintiffs and the Class members rely on their omission.

101.    Plaintiffs and the Class members reasonably relied on these omissions, and suffered damages as a result.

## EIGHTH CAUSE OF ACTION

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

102.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

103.    Every contract contains an implied covenant of good faith and fair dealing.  The implied covenant of good faith and fair dealing is an independent duty and may be breached even if there is no breach of a contract's express terms.

104.    Lumber Liquidators breached the covenant of good faith and fair dealing by failing to notify Plaintiffs and Class members of the laminate's noncompliance with CARB's formaldehyde standards, and failing to fully and properly remedy the noncompliance.

CLASS ACTION COMPLAINT

105.    Lumber Liquidators acted in bad faith and/or with a malicious motive to deny Plaintiffs and the Class members some benefit of the bargain originally intended by the parties, thereby causing them injuries in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### NEGLIGENCE

106.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

107.    Lumber Liquidators owed Plaintiffs and Class members a duty to provide an accurate representation of the formaldehyde levels present in the laminate flooring it sold them. Lumber Liquidators also owed Plaintiffs and Class members a duty to exercise reasonable quality control over such laminate flooring prior to offering it to the public for purchase. And Lumber Liquidators owed Plaintiffs and Class members a duty, once it discovered the toxic levels of formaldehyde to ensure that an appropriate quality control procedure to guard against future violations was developed and immediately implemented.

108.    Lumber Liquidators owed a duty to Plaintiffs and Class members not to engage in fraudulent or deceptive conduct, including the omission of material information like the presence of toxic levels of formaldehyde in the affected laminate flooring.

109.    Lumber Liquidators also owed an independent duty to Plaintiffs and Class members to accurately represent the characteristics of the affected laminate flooring under the Consumers Legal Remedies Act, Cal. Civ. Code. § 1750 et seq.

110.    A finding that Lumber Liquidators owed a duty to Plaintiffs and Class members would not impose a significant burden. Lumber Liquidators has the means to accurately apprise the public of the ingredients in its laminate flooring by ensuring that adequate quality control mechanisms are in place at the appropriate levels in its supply chain and are followed by affected employees and/or vendors. The cost borne by Lumber Liquidators for these efforts is insignificant in light of the public health dangers posed to Plaintiffs and Class members by the failure to take steps toward ensuring that consumers are apprised of the levels of toxic chemicals in the products they purchase.

111. As recently established by the testing discussed above, Lumber Liquidators manufactured, sold and shipped to Plaintiffs and Class members laminate flooring with toxic levels of formaldehyde in excess of the CARB limits while concurrently representing that such floorboards contained formaldehyde within the CARB limits. In doing so, Lumber Liquidators departed from the reasonable standard of care and breached its duties to Plaintiffs and other purchasers of the affected laminate flooring.

112. As a direct, reasonably foreseeable, and proximate result of Lumber Liquidators' failure to exercise reasonable care, Plaintiffs and Class members have suffered damages because they spent more money on the affected laminate flooring—including installation—than they otherwise would have.

113. Plaintiffs and Class members could not have prevented these damages through the exercise of reasonable diligence. Neither Plaintiffs nor other Class members contributed to Lumber Liquidators' misstatements.

114. Plaintiffs and Class members seek to recover their damages caused by Lumber Liquidators. In addition, since Lumber Liquidators acted fraudulently, and with wanton and reckless misconduct, in conscious disregard of

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and members of the Class, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

B. Appoint Plaintiffs as the representatives of the Class and their counsel as Class counsel;

C. Award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiffs and the Class members are entitled, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

D. Award pre-judgment and post-judgment interest on such monetary relief;

E.  Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Lumber Liquidators to repair, recall, and/or replace the laminate flooring and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiffs and Class members with appropriate curative notice regarding the existence and cause of the laminate's noncompliance with CARB's formaldehyde regulations;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such further relief that this Court deems appropriate.

Dated:  March 16, 2015                              Respectfully submitted,

                                                    **GIRARD GIBBS LLP**

                                                    By:  ___/s/ Eric H. Gibbs_____
                                                            Eric H. Gibbs

                                                    Daniel C. Girard
                                                    Eric H. Gibbs
                                                    Adam E. Polk
                                                    Steve A. Lopez
                                                    601 California Street, 14th Floor
                                                    San Francisco, California 94108
                                                    Telephone:  (415) 981-4800
                                                    Facsimile:  (415) 981-4846
                                                    dcg@girardgibbs.com
                                                    ehg@girardgibbs.com
                                                    aep@girardgibbs.com
                                                    sal@girardgibbs.com

                                                    **CHIMICLES & TIKELLIS LLP**
                                                    Joseph G. Sauder
                                                    JGS@chimicles.com
                                                    Matthew D. Schelkopf
                                                    MDS@chimicles.com
                                                    Benjamin F. Johns
                                                    BFJ@chimicles.com
                                                    One Haverford Centre
                                                    361 West Lancaster Avenue
                                                    Haverford, Pennsylvania  19041
                                                    Telephone:  (610) 642-8500
                                                    Facsimile:  (610) 649-3633

CLASS ACTION COMPLAINT

**THE MALONE FIRM, LLC**
Thomas B. Malone, Esq.
1650 Arch St., Suite 1903
Philadelphia, PA 19103
Telephone: (215) 987-5200

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg, Esq.
Two Gateway Center, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
BGreenberg@litedepalma.com

**GOMEZ TRIAL ATTORNEYS**
John Fiske
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496
jfiske@gomeztrialattorneys.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT